Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000575
26-SEP-2012
08:12 AM

NO. CAAP-11-0000575

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEN VAN NGUYEN, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO.  11-1-0014 (CR. NO. 90-1391))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Ginoza, JJ.)

Petitioner-Appellant Den Van Nguyen (Nguyen) appeals from the "Amended Findings of Fact, Conclusions of Law, and Order Denying Petition to Set Aside Judgment" (Amended Order Denying Petition) that was filed on July 25, 2011, in the Circuit Court of the First Circuit (Circuit Court).[1]  Approximately twenty years after he was sentenced on his conviction for Promoting a Dangerous Drug in the Second Degree, Nguyen filed a "Petition to Set Aside Judgment" (Petition) pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006).  Nguyen sought to vacate his judgment on the ground that during his no-contest plea, he did not recall being advised by the trial court of the immigration consequences of his plea as required by Hawaii Revised Statutes

---

[1] The Honorable Randal K.O. Lee presided over the proceedings resulting in the Amended Order Denying Petition.

(HRS) § 802E-2 (1993).[2/] By the time Nguyen filed his Petition, the court reporter's records of Nguyen's no-contest plea hearing had been destroyed in accordance with the applicable records retention schedule for the circuit courts, and no transcript of the hearing was available. Nguyen argued that based on HRS § 802E-3 (1993),[3/] he was entitled to have his judgment set

_____

[2/] HRS § 802E-2 provides:

> **Court advisement concerning alien status required.** Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:
>
> > If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
>
> Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section.

[3/] HRS § 802E-3 provides:

> **Failure to advise; vacation of judgment.** If the court fails to advise the defendant as required by section 802E-2 and the defendant shows that conviction of the offense to which the defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, on defendant's motion, the court shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement.

In HRS § 802E-1 (1993), the Legislature explained its intent and purpose in enacting HRS §§ 802E-2 and 802E-3 as follows:

> **Legislative findings and intent.** The legislature finds that in many instances involving an individual who is not a citizen of the United States charged with an offense punishable as a crime under state law, a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. Therefore, it is the intent of the legislature in enacting this section to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may

(continued...)

aside, to withdraw his no-contest plea, and to have his case reset for trial.

The Circuit Court denied Nguyen's Petition without a hearing, denied Nguyen's motion for reconsideration, and issued the Amended Order Denying Petition. On appeal, Nguyen argues that the Circuit Court erred in denying his Petition without a hearing and in denying his motion for reconsideration. For the reasons discussed below, we affirm the Circuit Court.

I.

In the underlying criminal case, Nguyen was charged in 1990 with Promoting a Dangerous Drug in the Second Degree. During status conferences with the trial court, Nguyen's counsel indicated that he needed to consider immigration laws in connection with the plea negotiations. On February 26, 1991, Nguyen pleaded no contest to the charged offense, and he signed a "No Contest" form in which he acknowledged that "I know that if I am not a citizen of the United States, a conviction for this or these offenses may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." In April 1991, Nguyen was sentenced to a term of probation for five years. Nguyen did not appeal his conviction or sentence.

Approximately twenty years after his conviction and sentence became final, Nguyen filed the instant Petition. In support of his Petition, Nguyen submitted the declaration of his current counsel. Nguyen's current counsel stated, among other things, that: (1) "[Nguyen] does not recall being informed by the Court that as a result of his plea, he may be subject to

---

[3]/(...continued)
result from the plea. It is also the intent of the legislature that the court in such cases shall grant the defendant a reasonable amount of time to negotiate with the prosecuting agency in the event the defendant or the defendant's counsel was unaware of the possibility of deportation, exclusion from admission to the United States, or denial of naturalization as a result of conviction. It is further the intent of the legislature that at the time of the plea no defendant shall be required to disclose the defendant's legal status to the court.

deportation, denial of naturalization and denied re-entry into the United States"; (2) "[Nguyen's] status is that of a Legal Permanent Residence [sic]," and as a result of his conviction, he is subject to these immigration consequences; (3) in about December 2010, counsel contacted the court reporter for Nguyen's February 26, 1991, no-contest plea hearing; and (4) the court reporter informed counsel that the trial court had disposed of the court reporter's original shorthand notes and other records of the February 26, 1991, hearing, when the records were ten years old, and therefore, a transcript of the proceedings could not be prepared.  The court reporter's records had been disposed of after ten years in accordance with the record retention schedule applicable to the circuit courts.  See "Order Governing Retention and Disposition of Judiciary Records" filed in the Supreme Court of the State of Hawai'i on December 10, 1999.[4/] Nguyen argued that pursuant to HRS §§ 802E-2 and 802E-3, his judgment of conviction should be vacated, and he should be allowed to withdraw his no-contest plea.

The Circuit Court denied Nguyen's Petition without a hearing, denied Nguyen's motion for reconsideration, and issued its Amended Order Denying Petition.

II.

We resolve the arguments Nguyen raises on appeal as follows:

1.    The Circuit Court did not err in denying Nguyen's Petition without a hearing.  Nguyen relies on the Hawai'i Supreme Court's decision in State v. Sorino, 108 Hawai'i 162, 118 P.3d 645 (2005).  In that case, Sorino moved to withdraw his no contest plea after the Immigration and Naturalization Service served him with a notice to appear at removal proceedings.  Id. at 164-65, 118 P.3d at 646-47.  Attached to Sorino's motion was the transcript of his no-contest plea hearing, which showed that

_____

[4/] The supreme court's December 10, 1999, order permitted court reporters' shorthand notebooks and stenographic notes for felonies in the circuit courts to be destroyed "10 years after trial, unless transcribed."

the trial court failed to advise him of the immigration consequences of his plea pursuant to HRS § 802E-2. Id. at 164, 118 P.3d at 647. The supreme court held that Sorino was entitled to withdraw his plea because the trial court had failed to provide the advisement required by HRS § 802E-2. Id. at 168, 118 P.3d at 651.

We conclude that Sorino is distinguishable and does not control the outcome of this case. The supreme court in Sorino did not decide the procedural requirements for filing a motion to vacate a judgment and withdraw a plea pursuant to HRS §§ 802E-2 and 802E-3. HRPP Rule 40 establishes the procedural requirements for post-conviction proceedings, including any collateral attack on a judgment. See HRPP Rule 40(a) (2006) ("The post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose . . . ."); HRPP Rule 32(d) (2006) (providing that motions to withdraw a plea of guilty or nolo contendere submitted more than ten days after imposition of sentence shall be made by petition pursuant to HRPP Rule 40). We conclude that the procedural requirements of HRPP Rule 40 apply to Nguyen's Petition. See Hawai'i Const. art. VI, § 7 ("The supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure, and appeals, which shall have the force and effect of law.").

Nguyen does not assert that the trial court failed to comply with HRS § 802E-2, but only asserts, through his counsel, that he "does not recall" the trial court providing the advisement required by HRS § 802E-2. Nguyen did not file a direct appeal from his conviction and did not seek to withdraw his plea for approximately twenty years. Instead, he waited until after the court reporter's records were disposed of, in conformity with the records retention schedule for circuit courts, and a transcript of his no-contest plea hearing could not be produced, to file his Petition. Nguyen provides no explanation, much less extraordinary circumstances, to justify

5

his inordinate delay in raising the issues asserted in his Petition. We conclude that under the circumstances presented by this case, Nguyen waived his right to seek relief based on HRS §§ 802E-2 and 802E-3. See HRPP Rule 40(a)(3) (providing that relief under HRPP Rule 40 shall not be available when the issues sought to be raised have been waived).

In addition, unlike the defendant in Sorino, Nguyen does not claim that he has been contacted by the federal immigration authorities or that he is facing any actual, non-speculative immigration consequences as a result of his conviction. See People v. Superior Court (Zamudio), 96 Cal. Rptr. 2d 463, 477 (2000) (concluding, under a statute virtually identical to HRS § 802E-3, that to be entitled to relief, the defendant must show at the time of the motion to vacate that "he faced more than just a remote possibility of deportation, exclusion, or denial of naturalization") (internal quotation marks omitted)). We conclude that the Circuit Court properly denied Nguyen's Petition without a hearing.

2. Based on the foregoing analysis, we also conclude that the Circuit Court did not err in denying Nguyen's motion for reconsideration.

### III.

We affirm the Circuit Court's decision in the Amended Order Denying Petition to deny Nguyen's Petition without a hearing.

DATED: Honolulu, Hawai'i, September 26, 2012.

On the briefs:

Emmanuel G. Guerrero
(Law Offices of Emmanuel G. Guerrero)
for Petitioner-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge